985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Matthew Thomas JONES, Defendant-Appellant.
 No. 92-5372.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 15, 1993
Decided: February 8, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-92-5-N)
 A. Robinson Winn, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Mark A. Exley, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Matthew Thomas Jones was convicted and sentenced after a trial by jury for possession of five grams or more of cocaine with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1)-(b)(1)(B) (West 1981 & Supp. 1992), use of a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1992), and possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1992). Jones now appeals, arguing that the district court erred in failing to suppress evidence obtained in a search of his apartment, given the allegedly deficient Affidavit for a Search Warrant ("Affidavit"). He also argues that there was insufficient evidence of his possession of the drugs to convict him of the crimes charged. Finding that there was a substantial basis for the magistrate judge to conclude that probable cause existed and further finding that a jury could reasonably conclude that Jones had constructive possession of the drugs found in his apartment, we affirm the district court's decision.
 
 I.
 
 2
 According to the evidence presented at trial, a confidential informant telephoned Special Agent Michael Brooks of the Bureau of Alcohol, Tobacco and Firearms ("ATF") on January 2, 1992, and informed Brooks that Jones was selling cocaine at his 703-A Forbes Street apartment. The informant telephoned Brooks a second time and described the activities, as well as the property. Specifically, the informant stated that individuals would enter Jones's property through a hole in the chain link fence at the rear of the residence, knock on the back door, and obtain cocaine from Jones. At a meeting with Brooks, the informant indicated that he had seen Jones in possession of a number of firearms, including a TEC-9 pistol.
 
 
 3
 Upon visiting the 703-A Forbes Street address, Brooks confirmed the informant's information. A Norfolk police officer informed a second ATF agent, Rowley, that he knew the informant and "that person has given us very reliable information in the past that has led to arrests and convictions." Brooks then filed an Affidavit reflecting the preceding facts. A United States Magistrate Judge issued a search warrant for Jones's residence and, on the evening on January 7, 1992, the warrant was executed. Upon entering the residence, the officers arrested Jones[1] and seized a tissue box containing 21 grams of crack cocaine, a film canister containing 2.8 grams of crack cocaine, and a 12-gauge shotgun from Jones's upstairs bedroom. A TEC-9 pistol, numerous rounds of ammunition, a digital pager, and the apartment's lease signed by Jones were seized from downstairs.[2] Jones only admitted to possession of the shotgun, but stated that he was holding it for a friend.
 
 
 4
 The jury returned a guilty verdict on all counts. The district court sentenced Jones to 108 months incarceration for counts (1) and (3), running concurrently, and to sixty months for count (2), running consecutively. Jones now appeals.
 
 II.
 
 5
 Jones argues that the informant was not shown to be reliable, that the informant's data was not corroborated, and that probable cause for issuance of the Search Warrant was thus lacking. We disagree. In reviewing the issuance of the warrant, we must ensure that the magistrate judge had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). We accord great deference to the magistrate judge's determination. Gates, 462 U.S. at 236; Blackwood, 913 F.2d at 142. Viewing the totality of the circumstances, Gates, 462 U.S. at 231, we are persuaded that this Affidavit was sufficient to support the issuance of the Search Warrant.
 
 
 6
 The Affidavit specified that the informant had firsthand knowledge of the alleged illegal activities at the 703-A Forbes Street address.[3] The Affidavit also stated that the informant "had previously provided reliable information to the Norfolk Police Department which resulted in the arrest and conviction of narcotic offenders," further supporting probable cause. See United States v. Shepherd, 714 F.2d 316, 317 (4th Cir. 1983), cert. denied, 466 U.S. 938 (1984) (holding probable cause existed for a warrantless arrest when informant had previously given information leading to numerous arrests and convictions). Furthermore, the Affidavit contained corroborative evidence resulting from Brooks's visit to the residence and confirmation of the informant's description of the property. See United States v. Miller, 925 F.2d 695, 699 (4th Cir.), cert. denied, 60 U.S.L.W. 3259 (U.S. 1991); see also Blackwood, 913 F.2d at 142. On these facts, probable cause was clearly present.
 
 
 7
 Even if the warrant was not supported by probable cause, we would apply the good faith exception of United States v. Leon, 468 U.S. 897 (1984), to preserve this warrant's validity. The warrant was regular on its face. Jones did not allege, nor is it evident from this record, that the magistrate judge was biased or that the agents acted dishonestly. The district court properly denied Jones's suppression motion.
 
 III.
 
 8
 Jones also asserts that there was not sufficient evidence of his constructive possession of the drugs seized to support his conviction.[4] Again, we disagree. Viewing the evidence in the light most favorable to the government, we review claims concerning sufficiency of the evidence to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).
 
 
 9
 Constructive possession may be established by either circumstantial or direct evidence. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980). Here, Jones admitted to having been home for a few days prior to the raid and he admitted to owning the camera and one film canister located next to the film case containing cocaine. Paraphernalia, used in the selling of drugs, was found throughout the apartment. Accordingly, a jury could have reasonable inferred that Jones had knowledge of the drugs. United States v. Bell, 954 F.2d 232, 236 (4th Cir. 1992) (holding jury could reasonably infer knowledge through presence in car, attempt to leave scene, relationship with driver, and nervous response); United States v. Zandi, 769 F.2d 229, 235 (4th Cir. 1985) (holding jury could reasonably infer knowledge through defendant's access to opium, frequent telephone calls to Pakistan, and false exculpatory statement at time of arrest). Since "[p]ossession need not be exclusive, but may be shared with others[,]" Laughman, 618 F.2d at 1077 (quoting United States v. Mendoza, 433 F.2d F.2d 891, 896 (5th Cir. 1970), cert. denied, 401 U.S. 493 (1971), we find that a jury could reasonably conclude that Jones had constructive possession of the drugs found in the apartment where Jones was the legal tenant of the apartment and occupied the premises.[5] United States v. Gilliam, 975 F.2d 1050, 1057 (4th Cir. 1992) (holding that a reasonable jury could find constructive possession where defendant owned and occupied premises).
 
 
 10
 For the foregoing reasons, we affirm the district court.
 
 AFFIRMED
 
 
 [1]
 At the time of arrest, Jones was on bond, pending sentencing for the trafficking of illegal guns
 
 
 [2]
 Prior to trial, Jones unsuccessfully moved to suppress all evidence seized during the search on the basis that probable was lacking
 
 
 [3]
 The Affidavit stated that the informant had seen individuals walk through a hole cut in the rear fence and knock on the back door of Jones's residence to purchase drugs, and that Jones was in possession of a number of firearms, particularly a TEC-9 pistol. In addition to the accurate description of Jones's residence, the informant correctly identified Jones in a photographic line-up, further demonstrating his firsthand knowledge of the situation
 
 
 [4]
 Although Jones concedes that the government was not required to prove actual possession, he argues that he "did not exercise exclusive dominion and control over the drugs or over the area in which they were found." Furthermore, Jones argues that there was insufficient evidence that he had knowledge of the drugs
 
 
 [5]
 Jones signed the lease of the apartment and was present during the confiscation of the drugs, some of which were found in his bedroom